DANIELLE K. LEWIS (SBN 218274)
dlewis@hpylaw.com
MILES F. MAURINO (SBN 319377)
mmaurino@hpylaw.com
HAWKINS PARNELL & YOUNG LLP
445 S. Figueroa Street, Suite 3200
Los Angeles, CA 90071
Telephone: 213.486.8000
Facsimile: 213.486.8080

Attorneys for Defendants
COUNTY OF SOLANO, ARMANDO ESPINOZA and
STEPHANIE BACHMAN (erroneously sued as
STEPHANIE M. GARCIA)

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SOLANO, ARMANDO ESPINOZA, and STEPHANIE M. GARCIA, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441**<br><br>**[FEDERAL QUESTION]** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT Defendants COUNTY OF SOLANO, ARMANDO ESPINOZA, and STEPHANIE BACHMAN (erroneously sued as STEPHANIE M. GARCIA) (collectively “Defendants”) hereby files in the United States District Court for the Eastern District of California a Notice of Removal of said action to the United States District Court, pursuant to 28 U.S.C. §§ 1441 and 1446.

On December 28, 2022, an action was commenced in the Superior Court of the State of California in and for the Solano, entitled John Doe v. County of Solano, et al., Case No. FCS059408 (“State Court Action”). A true and correct copy of the Complaint served on

Defendants is attached hereto as Exhibit A.

Defendant COUNTY OF SOLANO was served with a copy of the Complaint from the State Court Action on December 29, 2022. Defendants ARMANDO ESPINOZA and STEPHANIE BACHMAN (erroneously sued as STEPHANIE M. GARCIA) have not been personally served, but Notice and Acknowledgment of Receipt packets were received by COUNTY OF SOLANO.

This removal is timely under 28 U.S.C. § 1446(b) in that removal is sought within 30 days from the date Defendant COUNTY OF SOLANO was first served with a copy of the Complaint.

This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1446(b) as it purports to arise under 42 U.S.C. § 1983. To the extent that Plaintiff's Complaint alleges a claim or cause of action other than violations of rights under the laws of the United States, said cause(s) of action may be removed and adjudicated by this Court pursuant to 28 U.S.C. § 1441(c). Venue in this district is proper under 28 U.S.C. § 1441 because this District includes the California Superior Court for Solano County, the forum in which the removed action was pending.

Defendants will promptly file a Notice of this Removal with the Clerk of the Superior Court for Solano County and serve the Notice on all parties.

Defendants pray that the above action now pending in California Superior Court for Solano County be removed in its entirety to this Court for all further proceedings, pursuant to 28 U.S.C. § 1441, et. seq.

DATED: January 30, 2023

HAWKINS PARNELL & YOUNG, LLP

By: ***/s/ Danielle K. Lewis***

DANIELLE K. LEWIS
MILES F. MAURINO
Attorneys for Defendants
COUNTY OF SOLANO,
ARMANDO ESPINOZA and
STEPHANIE BACHMAN
(erroneously sued as STEPHANIE
M. GARCIA)

# EXHIBIT A

Todd P. Emanuel (SBN 169301)
Pamela E. Glazner (SBN 247007)
EMANUEL LAW GROUP
411 Borel Avenue, Suite 425
San Mateo, California 94402
Telephone: (650) 369-8900
Facsimile: (650) 369-8999
todd@teinjurylaw.com
pam@teinjurylaw.com

Attorneys for Plaintiff John Doe

FILED/ENDORSED
Clerk of the Superior Court
DEC 28 2022
By A. Amaral
DEPUTY CLERK

ASSIGNED TO JUDGE E. Bradley Nelson FOR ALL PURPOSES

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SOLANO – UNLIMITED JURISDICTION**

JOHN DOE,

Plaintiff,

v.

COUNTY OF SOLANO, ARMANDO ESPINOZA, and STEPHANIE M. GARCIA, and DOES 1 through 20, inclusive,

Defendants.

FCS059408

**COMPLAINT FOR DAMAGES**

1. Deliberate Indifference—Fourteenth Amendment (42 U.S.C. § 1983)
2. Municipal Liability—Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)
3. Municipal Liability—Failure to Train (42 U.S.C. § 1983)
4. Municipal Liability—Ratification (42 U.S.C. § 1983)
5. Bane Act (Civ. Code, § 52.1)
6. Negligence

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

1. This action arises of out the foreseeable, preventable sexual assault of a pretrial detainee at the Solano County Jail, Stanton Correctional Facility, by his cellmate, a man who had previously sexually assaulted no fewer than nine (9) other inmates as he was given a revolving carousel of cellmates to victimize.

**THE PARTIES, JURISDICTION AND VENUE**

2. Plaintiff JOHN DOE ("Plaintiff") is suing under a pseudonym in order to protect his privacy given the sensitive nature of the allegations of sexual assault in this case and his fear of reprisal from the sexual assailant and his associates. Plaintiff was a pretrial detainee at the Solano County Jail, Stanton Correctional Facility at the time the events giving rise to this action occurred, and he has since been released from custody.

3. Defendant COUNTY OF SOLANO ("County") is a California county, located within the jurisdictional territory of this Court. At all relevant times, defendant County possessed the power and authority to adopt policies and proscribe rules, regulations and practices affecting the tactics, methods, practices, and customs taking place in the jail facilities under its control, including its Stanton Correctional Facility. At all relevant times pertinent to this action, defendant County maintained the Solano County Sheriff's Office ("SCSO") that was responsible for administering and staffing the County's jails, including the Stanton Correctional Facility at which the events giving rise to this action took place.

4. At all times pertinent to this action, defendant County employed or contracted with defendant ARMANDO ESPINOZA as a correctional officer in its Stanton Correctional Facility in which the events giving rise to this action took place, as well as other of its jail facilities.

5. At all times pertinent to this action, defendant County employed or contracted with defendant STEPHANIE M. GARCIA as a correctional officer in its Stanton Correctional Facility in which the events giving rise to this action took place.

6. Plaintiff is informed and believes and thereon alleges that at all relevant times, defendants named as Does 1-20, are or were employees, officers and/or agents of the County, or otherwise materially caused the harm described herein, and did so under color of law, and within the scope of their agency, employment or enterprise with the County. Allegations against the named defendants are intended to include the defendants identified as Does 1-20. Plaintiff is ignorant of the true names and identities of the defendants named as Does 1-20 because Plaintiff has not yet been able to discover which individual correctional officers had relevant information regarding the sexual assailant in this case, as well as the policymakers, final decisionmakers, trainers, and/or supervisors

employed or contracted by the County or otherwise acting under color of law who were responsible for the relevant policies, procedures, actions, and omissions that permitted Plaintiff to be confined with a cellmate who had repeatedly sexually assaulted a revolving carousel of his cellmates and other inmates.

7. Defendants Espinoza, Garcia, and those sued as Does 1-20 will hereinafter be collectively as the "Individual Defendants." Plaintiff is informed and believes, and on that basis alleges, that at all relevant times herein mentioned, the Individual Defendants, and each of them, were the agents, employees and/or representatives of defendant County, and were acting within the course and scope of said relationships. Plaintiff further alleges that in all matters alleged herein, the Individual Defendants, and each of them, acted under color of law.

8. Plaintiff requested information pertinent to this action, including his own police report, from the County of Solano pursuant to the California Public Records Act (Cal. Gov. Code, § 6240, et seq.) on September 27, 2022 by and through his counsel. The County requested and received an authorization from Plaintiff's counsel, stated that there may be responsive documents and took multiple extensions of time, the last of which ended on November 21, 2022. Despite repeated attempts to obtain a response from the County, Plaintiff's counsel still has not received records in response to the request. Plaintiff further requested a copy of his police report as a sexual assault victim pursuant to California Family Code section 6228, subdivision (a)(2) by and through his counsel on November 29, 2022, but long after the ten (10) day deadline passed, the County still has not provided his police report.

9. All conduct, acts, and omissions giving rise to this action occurred within the County of Solano, State of California. The federal causes of action arise under title 42 of the United States Code section 1983.

10. Plaintiff presented a timely government claim pursuant to California Government Code section 945.4 to the County of Solano on May 27, 2022 for the sexual assault he suffered on or about December 2, 2021. The County rejected his government claim by letter issued on July 1, 2022. This action is filed before the expiration of the time period set forth in California Government Code section 945.6.

**FACTS COMMON TO ALL CAUSES OF ACTION**

11. On or about November 29, 2021, the County and defendants named as Does 1-20 placed Plaintiff, a pretrial detainee, in a cell with inmate Kurt Alan DaSilva. The cell was in a protected custody unit. Plaintiff thought he would be safer and less likely to be subjected to violence and sexual assault in a protected custody unit. He was wrong.

12. On or about December 1, 2021, DaSilva offered Plaintiff some coffee, which Plaintiff accepted. Plaintiff fell asleep in the evening. Plaintiff is informed and believes, and on that basis alleges, that the coffee DaSilva provided was laced with a drug.

13. In the morning of December 2, 2021, Plaintiff awoke to find inmate DaSilva with his fingers in Plaintiff's anus attempting to lick Plaintiff's genitals. Plaintiff jolted forward, at which point DaSilva sniffed his fingers. Traumatized, Plaintiff wrapped himself in a blanket. Eventually County correctional staff entered the cell.

14. Plaintiff is informed and believes and thereon alleges that County personnel were not responding to the rape that he endured but rather had other information regarding DaSilva on which it was acting.

15. Plaintiff alleges that defendant County, defendant Espinoza, defendant Garcia, and defendants named as Does 1-20 knew or should have known that DaSilva had a history of sexually assaulting other inmates, including his cellmates, based on the information set forth in the paragraphs that follow.

16. Plaintiff is informed and believes, and on that basis alleges, the following facts in this paragraph: DaSilva had sexually assaulted no fewer than nine (9) other inmates prior to assaulting Plaintiff. Prior to Plaintiff's sexual assault, other inmates told both defendant Garcia and defendant Espinoza of DaSilva's sexual assaults on inmates that they had heard occurring through the vents or otherwise learned about from the victims or DaSilva himself. DaSilva's sexual assaults were loud enough to be heard through the vents, and DaSilva announced his sexual assaults, often accomplished by drugging his cellmates' coffee, through the vents.

17. Plaintiff is informed and believes, and on that basis alleges, the following facts in this paragraph: DaSilva was assigned an unusually high number of new cellmates prior to his sexual

assault of Plaintiff. Some of DaSilva's prior cellmates requested to be reassigned because of his sexually predatory behavior. In or about September 2021 – approximately two and half months before DaSilva sexually assaulted Plaintiff – an inmate (whose name is being withheld from public records to protect him from retaliation) requested to speak with correctional officers to request a cellmate change. The County sent a correctional officer from a gang unit, named as a Doe defendant, to whom the inmate reported that DaSilva was repeatedly trying to commit sexual acts on him against his will. That correctional officer did not want to hear any details, but the inmate was removed from DaSilva's cell.

18. Plaintiff is informed and believes, and on that basis alleges, the following facts in this paragraph: DaSilva repeatedly violated a prohibition on entering other inmates' cells, where he sexually assaulted some inmates prior to his sexual assault of Plaintiff. Also prior to his sexual assault of Plaintiff, DaSilva frequently displayed sexually predatory and inappropriate behavior by touching other inmates' genitals with his hands, humping other inmates, exposing his genitals to other inmates, touching his bare genitals to other inmates, and yelling sexually lewd comments such as, "I need someone to sit on my dick," in earshot of correctional officers, including defendant Garcia.

19. Plaintiff is informed and believes, and on that basis alleges, the following facts in this paragraph: DaSilva and defendant Espinoza knew each other from earlier in their lives. Defendant Espinoza gave DaSilva special treatment, favors, and information about other inmates, which put them in danger from DaSilva. DaSilva threatened to harm his victims and their families, including Plaintiff's, if they reported his sexual assaults. Plaintiff and other of DaSilva's victims feared reprisal particularly because of defendant Espinoza's personal relationship with DaSilva.

20. After Plaintiff reported his sexual assault, defendant Garcia told Plaintiff that correctional staff knew something was going on with DaSilva.

21. Plaintiff made an allegation pursuant to the Prison Rape Elimination Act on December 3, 2021. The County responded to Plaintiff on January 12, 2022 by letter stating, "After reviewing your complaint and conducting a thorough investigation we have found sufficient evidence to corroborate your allegation. This allegation is determined to be SUBSTANTIATED and referred to

the Solano County DA's Office for review."

**FIRST CAUSE OF ACTION**

**Deliberate Indifference—Fourteenth Amendment (42 U.S.C. § 1983)**

**Against the Individual Defendants**

22. Plaintiff restates and incorporates by reference the allegations of the foregoing paragraphs of this complaint, as if set forth in full.

23. In doing the acts complained of herein, the Individual Defendants, and each of them, knowingly acted without immunity and under color of law to deprive Plaintiff, a pretrial detainee, of his clearly established due process right under the Fourteenth Amendment to the United States Constitution to be free from violence from other inmates. The Individual Defendants, and each of them, were acting or purporting to act under color of law and within the course and scope of their duties as agents, employees and/or contractors of the County.

24. Plaintiff is informed and believes, and on that basis alleges, that the Individual Defendants, and each of them, knew that Plaintiff faced a substantial risk of serious harm by sexual violence perpetrated by his follow inmate, DaSilva, and disregarded that risk by confining Plaintiff to a cell with DaSilva and failing to take reasonable measures to abate the risk, including but not limited to confining Plaintiff to a cell with someone other than DaSilva and more closely monitoring the cell in which both DaSilva and Plaintiff were placed.

25. The acts and/or omissions of the Individual Defendants, and each of them, placed Plaintiff at substantial risk of suffering serious harm. The acts and/or omissions of the Individual Defendants, and each of them, constituted deliberate indifference to and reckless disregard of the substantial risk that Plaintiff would be sexually assaulted by his cellmate, DaSilva.

26. As a direct result of these acts and omissions of the Individual Defendants, and each of them, Plaintiff was subjected to sexual assault, causing him bodily harm, severe physical pain, severe pain and suffering, and severe emotional distress.

27. The Individual Defendants' deliberate indifference and reckless disregard of the substantial risk that Plaintiff would be sexually assaulted by his cellmate, DaSilva, was a substantial factor in causing Plaintiff's harm.

28. The acts and/or omissions of the Individual Defendants showed recklessness and callous indifference to the rights and safety of Plaintiff and therefore warrant the imposition of punitive damages in an amount according to proof at trial.

29. Plaintiff seeks attorneys' fees, costs, and interest in connection with this claim for relief.

**SECOND CAUSE OF ACTION**

**Municipal Liability—Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983) Against Defendant County and Individual Defendants named as Does 1-20**

30. Plaintiff restates and incorporates by reference the allegations of the foregoing paragraphs of this complaint, as if set forth in full.

31. In doing the acts complained of herein, the County and the Individual Defendants, named as Does 1-20, knowingly acted without immunity and under color of law to deprive Plaintiff of his civil rights under the Fourteenth Amendment to the United States Constitution. The Individual Defendants, and each of them, were acting or purporting to act in the performance of their official duties as part of defendant County. At all relevant times, defendant County employed or contracted with the Individual Defendants, named as Does 1-20, as policymakers and/or supervisors of the other Individual Defendants.

32. Plaintiff is informed and believes, and on that basis alleges, that defendants County and Individual Defendants, named as Does 1-20, in their capacities as policymakers and/or supervisors for the County, instituted inadequate customs, practices, and/or policies or failed to institute adequate customs, practices, and/or policies, which constituted deliberate indifference to the constitutional rights of pretrial detainees to be free from violence from other inmates. These customs, practices, and/or policies failed to mitigate and/or increased the substantial risk of harm from violence by other inmates by: (i) confining inmates to cells with other inmates who had a known history of cycling through cellmates at an unusual rate, (ii) failing to adequately identify repetitive, sexually predatory inmate behavior and/or ignoring such predatory behavior, (iii) failing to identify, investigate and address inmate predatory behavior, and (iv) failing to adequately monitor cells of inmates who had demonstrated predatory behavior. Plaintiff is further informed and

believes, and on that basis alleges, that defendants County and Individual defendants, named as Does 1-20, in the capacities as policymakers and/or supervisors, acted or failed to act regarding such policies, practices, or customs with deliberate indifference to the constitutional rights of pretrial detainees, including Plaintiff.

33. Plaintiff's Fourteenth Amendment due process rights were violated when he was confined to a cell with DaSilva, who had previously sexually assaulted no fewer than nine (9) other inmates and otherwise demonstrated sexually predatory behavior.

34. Plaintiff is informed and believes, and on that basis alleges, that these policies, practices, and customs of the County and Individual Defendants, named as Does 1-20, in their capacities as policymakers and/or decisionmakers, are the direct, proximate, and substantial cause of the constitutional violations Plaintiff suffered. Plaintiff is further informed and believes, and on that basis alleges, that the Individual Defendants, including but not limited to defendants Espinoza and Garcia, acted pursuant to an expressly adopted official policy or longstanding practice or custom of defendant County.

35. As a direct and proximate result of these policies, practices, and customs, Plaintiff suffered bodily harm, severe physical pain, severe pain and suffering, and severe emotional distress.

36. The acts and/or omissions of the official policymakers and/or supervisors, named as Does 1-20, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages in an amount according to proof at trial.

37. Plaintiff seeks attorneys' fees, costs, and interest in connection with this claim for relief.

**THIRD CAUSE OF ACTION**

**Municipal Liability—Failure to Train (42 U.S.C. § 1983)**

**Against Defendant County and Individual Defendants named as Does 1-20**

38. Plaintiff restates and incorporates by reference the allegations of the foregoing paragraphs of this complaint, as if set forth in full.

39. In doing the acts complained of herein, the County and the Individual Defendants

named as Does 1-20 knowingly acted without immunity and under color of law to deprive Plaintiff of his civil rights under the Fourteenth Amendment to the United States Constitution. The Individual Defendants, and each of them, were acting or purporting to act in the performance of their official duties as part of defendant County. At all relevant times, defendant County employed or contracted with the Individual Defendants, named as Does 1-20, as trainers and/or supervisors of the other Individual Defendants.

40. Plaintiff is informed and believes, and on that basis alleges, the training program provided by defendant County, and the training provided by the Individual Defendants, named as Does 1-20, as trainers and/or supervisors of the Individual Defendants, including but not limited to defendants Espinoza and Garcia, was not adequate to prepare the Individual Defendants to take effective action to protect pretrial detainees in circumstances similar to those presented in this case, including, inter alia, (i) identifying repetitive, sexually predatory behavior of inmates, including but not limited to the unusual cycling for cellmates, (ii) not placing inmates in cells with other inmates who have displayed repetitive predatory behavior, and (iii) more closely monitoring cells of inmates who have displayed predatory behavior.

41. Plaintiff is informed and believes, and on that basis alleges, high ranking officials at defendant County, including trainers and/or supervisors, named as Does 1-20, knew or reasonably should have known that the Individual Defendants' lack of training regarding identifying and preventing sexual assaults of inmates was likely to result in the deprivation of pretrial detainees' Fourteenth Amendment rights to be free from violence from other inmates. Plaintiff is further informed and believes, and on that basis alleges, that defendants County and Does 1-20, as supervisors and/or trainers, acted or failed to act regarding such training with deliberate indifference to the constitutional rights of pretrial detainees, including Plaintiff.

42. As a direct result of the actions of the Individual Defendants, as well as the failure of defendants County and Does 1-20, as supervisors and/or trainers, to provide adequate training, Plaintiff's Fourteenth Amendment due process rights were violated when he was confined to a cell with DaSilva, who had previously sexually assaulted no fewer than nine (9) other inmates and otherwise demonstrated sexually predatory behavior.

43. Plaintiff suffered bodily harm, severe physical pain, severe pain and suffering, and severe emotional distress.

44. The acts and/or omissions of the trainers and/or supervisors, named as Does 1-20, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages in an amount according to proof at trial.

45. Plaintiff seeks attorneys' fees, costs, and interest in connection with this claim for relief.

**FOURTH CAUSE OF ACTION**

**Municipal Liability—Ratification (42 U.S.C. § 1983)**

**Against Defendant County and Individual Defendants named as Does 1-20**

46. Plaintiff restates and incorporates by reference the allegations of the foregoing paragraphs of this complaint, as if set forth in full.

47. In doing the acts complained of herein, the County and the Individual Defendants, named as Does 1-20, knowingly acted without immunity and under color of law to deprive Plaintiff of his civil rights under the Fourteenth Amendment to the United States Constitution. The Individual Defendants, and each of them, were acting or purporting to act in the performance of their official duties as part of defendant County. At all relevant times, Defendant County employed or contracted with the Individual Defendants, named as Does 1-20, as policymakers and/or decisionmakers.

48. The civil rights of Plaintiff—specifically his Fourteenth Amendment due process rights—were violated when the Individual Defendants, and each of them, acted with deliberate indifference and reckless disregard of the substantial risk that Plaintiff would suffer sexual assault when he was confined to a cell with DaSilva, who had previously sexually assaulted no fewer than nine (9) inmates and otherwise demonstrated sexually predatory behavior.

49. Plaintiff is informed and believes, and on that basis alleges, the following facts in this paragraph: Defendant County and Individual Defendants, named as Does 1-20, acting under color of law, who had final policymaking and/or decision-making authority concerning the acts of the other

Individual Defendants, ratified the actions of the Individual Defendants, including that of defendants Espinoza and Garcia, and the bases for them. The County knew of and approved of the acts and/or omissions of the Individual Defendants, including but not limited to defendants Espinoza and Garcia. The County, and final policymakers and/or decisionmakers, named as Does 1-20, knew of and approved, ratified, condoned, encouraged and/or tacitly authorized the acts and/or omissions which constituted deliberate indifference and reckless disregard of Plaintiff's Fourteenth Amendment rights.

50. That ratification constituted a conscious and deliberate choice to follow a course of action from among various alternatives. That ratification constituted approval of the actions of the Individual Defendants with knowledge of the circumstances under which Plaintiff was confined to a cell with a sexual predator, specifically DaSilva.

51. As a direct and proximate result of the actions and/or omissions of the Individual Defendants, as well as the ratification of those actions by the County and Does 1-20, Plaintiff suffered bodily harm, severe physical pain, severe pain and suffering, and severe emotional distress.

52. The acts and/or omissions of the official policymakers and decisionmakers, named as Does 1-20, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages in amount according to proof at trial.

53. Plaintiff seeks attorneys' fees, costs, and interest in connection with this claim for relief.

**FIFTH CAUSE OF ACTION**

**Bane Act (Civ. Code, § 52.1)**

**Against the Individual Defendants**

54. Plaintiff restates and incorporates by reference the allegations of the foregoing paragraphs of this complaint, as if set forth in full.

55. In doing the acts complained of herein, the Individual Defendants, and each of them, knowingly acted without immunity and within the course and scope of their employment to deprive Plaintiff, a pretrial detainee, of his clearly established due process right under the Fourteenth

Amendment to the United States Constitution to be free from violence from other inmates.

56. By the aforementioned conduct, the Individual Defendants, and each of them, acted with deliberate indifference to Plaintiff's constitutional rights under the United States Constitution, the California Constitution, and the laws of this state to privacy, safety in his bodily integrity, and freedom from sexual violence based on his sex (Cal. Civ. Code, §§ 51.7, 52.4 & 43).

57. In committing the aforementioned conduct, the Individual Defendants, and each of them, intended to deprive Plaintiff of the enjoyment of the interests protected by these constitutional and statutory rights.

58. As a direct and proximate result of the conduct of the Individual Defendants, Plaintiff was harmed. Plaintiff experienced extreme pain and suffering, including but not limited to his anal area, and severe emotional distress, including but not limited to fear, vulnerability, distrust, anxiety, depression, embarrassment, and humiliation. Plaintiff is informed and believes, and on that basis alleges, Plaintiff will continue to suffer extreme mental pain and suffering and severe emotional distress in the future as a result of the injuries alleged herein.

59. The conduct of the Individual Defendants, and each of them, was a substantial factor in causing Plaintiff's harm.

60. As a further direct and proximate result of the aforementioned acts of the Individual Defendants, and each of them, Plaintiff has and/or will incur expenses for medical and mental health services, pharmaceuticals, and sundries reasonably required to treat the injuries incurred herein.

61. As a further direct and proximate result of the aforementioned acts of the Individual Defendants, and each of them, Plaintiff has suffered economic harm, loss of earnings, and other damages.

62. The aforementioned conduct of the Individual Defendants, and each of them, was despicable. The Individual Defendants, and each of them, acted with conscious disregard for the rights, health, safety, privacy, freedom, and human dignity of Plaintiff. The Individual Defendants, and each of them, also acted with the knowledge of or with reckless disregard for the fact that his conduct was substantially certain to cause injury and/or humiliation to Plaintiff. Therefore, Plaintiff is entitled to recover exemplary damages pursuant to Civil Code section 52.1, subdivision (c) and

Civil Code section 52, subdivision (b)(1).

63. Plaintiff will incur attorney's fees in the prosecution of this action and therefore seeks attorney's fees pursuant to Civil Code section 52.1, subdivisions (c) and (i) and Civil Code section 52, subdivisions (a) and (b)(3).

64. Plaintiff also seeks treble actual damages pursuant to Civil Code section 52.1, subdivision (c) and Civil Code section 52, subdivision (a).

**SIXTH CAUSE OF ACTION**

**Negligence**

**The Individual Defendants**

65. Plaintiff restates and incorporates by reference the allegations of the foregoing paragraphs of this complaint, as if set forth in full.

66. The Individual Defendants, and each of them, had a duty to act with ordinary care in carrying out their duties as correctional officers, which included reasonable care in confining inmates with other inmates who had displayed indications of predatory behavior. This duty of reasonable care included identifying signs and signals of predatory behavior, not confining inmates to cells with other inmates displaying such behavior, and more closely monitoring cells containing inmates who displayed signs of predatory behavior.

67. In doing the acts complained of herein, the Individual Defendants, and each of them, knowingly acted without immunity and within the course and scope of their employment to deprive Plaintiff, a pretrial detainee, of his clearly established due process right under the Fourteenth Amendment to the United States Constitution to be free from violence from other inmates. By their acts and/or omissions that resulted in Plaintiff being confined to a cell with DaSilva and without reasonably adequate monitoring, the Individual Defendants, and each of them, breached their duty of reasonable care to Plaintiff.

68. As a direct and proximate result of the conduct of the Individual Defendants, Plaintiff was harmed. Plaintiff experienced extreme pain and suffering, including but not limited to his anal area, and severe emotional distress, including but not limited to fear, vulnerability, distrust, anxiety, depression, embarrassment, and humiliation. Plaintiff is informed and believes, and on that basis

alleges, Plaintiff will continue to suffer extreme mental pain and suffering and severe emotional distress in the future as a result of the injuries alleged herein.

69. The conduct of the Individual Defendants, and each of them, was a substantial factor in causing Plaintiff's harm.

70. As a further direct and proximate result of the aforementioned acts of the Individual Defendants, and each of them, Plaintiff has and/or will incur expenses for medical and mental health services, pharmaceuticals, and sundries reasonably required to treat the injuries incurred herein.

71. As a further direct and proximate result of the aforementioned acts of the Individual Defendants, and each of them, Plaintiff has suffered economic harm, loss of earnings, and other damages.

WHEREFORE, Plaintiff prays for relief as hereinafter as follows:

As to the FIRST CAUSE OF ACTION:

1. For special damages, including medical and related expenses, in an amount according to proof;
2. For general damages in an amount according to proof;
3. For punitive and exemplary damages in an amount according to proof;
4. For attorneys' fees by statute and as otherwise provided by law;
5. For costs incurred; and
6. For interest on any award of damages.

As to the SECOND, THIRD and FOURTH CAUSES OF ACTION:

1. For special damages, including medical and related expenses, in an amount according to proof;
2. For general damages in an amount according to proof;
3. As to the Individual Defendants named as Does 1-20, for punitive and exemplary damages in amount according to proof;
4. For attorneys' fees by statute and as otherwise provided by law;
5. For costs incurred; and
6. For interest on any award of damages.

As to the FIFTH CAUSE OF ACTION, for:

1. General damages in an amount according to proof;

2. Special damages in an amount according to proof;
3. Exemplary damages (Civ. Code, § 52.1, subd. (c); Civ. Code, § 52, subd. (b)(1));
4. Attorney's fees (Civ. Code, § 52.1, subds. (c) & (i); Civ. Code, § 52, subds. (a) and (b)(3));
5. Treble actual damages (Civ. Code, § 52.1, subd. (c); Civ. Code, § 52, subd. (a));
6. Costs of suit incurred in this action; and
7. Such other and further relief as the Court may deem just and proper.

As to the SIXTH CAUSE OF ACTION:

1. General damages in an amount according to proof;
2. Special damages in an amount according to proof;
3. Costs of suit incurred in this action; and
4. Such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a jury to be empaneled for the trial of this matter.

Dated: December 27, 2022

EMANUEL LAW GROUP

By: ______________________
Pamela E. Glazner
Attorneys for Plaintiff JOHN DOE