UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, | No. 2:23-cv-00180 AC |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SOLANO, et al., | |
| Defendants. | |

This civil rights action is before the court on plaintiff's motion to compel discovery. ECF No. 24. The lawsuit turns on allegations that the County defendants violated plaintiff's Eighth Amendment rights when they placed him in a jail cell with an inmate known to have a history of sexually assaulting other inmates. Plaintiff alleges that he was raped because of defendants' deliberate indifference to his safety. In discovery, plaintiff requested documents regarding prior acts of sexual assault and sexual misconduct by plaintiff's assailant at the Solano County Jail. Defendants provided responsive documents which were redacted to protect the privacy interests of third-party victims and witnesses. Plaintiff now seeks unredacted copies of the discovery in order to learn the identities of witnesses including other victims of plaintiff's assailant, who are likely to have information about defendants' knowledge of the assailant's past conduct and dangerousness.

///

1

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. Third party privacy concerns must be balanced against the plaintiff's need for the information at issue. See Breed v. United States Dist. Court for the N. Dist. of Cal., 542 F.2d 1114, 1115-16 (9th Cir. 1976). Protective orders are typically sufficient to protect the confidentiality of sensitive information produced in discovery. See Soto v. City of Concord, 162 F.R.D. 603, 616-17 (N.D. Cal. 1995); Martinez v. City of Stockton, 132 F.R.D. 677, 683 (E.D. Cal. 1990).

Having considered the positions of the parties, the court finds that plaintiff's need for the requested information weighs heavily in favor of compelled production and that third party privacy concerns can be adequately addressed by a stipulated protective order.

Accordingly, it is HEREBY ORDERED as follows:

1. Plaintiff's motion to compel, ECF No. 24, is GRANTED;
2. Counsel shall, as soon as practicable, meet and confer and submit a stipulated protective order to govern discovery in this case;
3. Promptly upon court approval of the stipulated protective order and subject to its terms, defendant shall produce unredacted copies of the discovery at issue;
4. The identities of other sexual assault victims shall be disclosed on an Attorneys' Eyes Only basis;
5. All other sexual assault victims shall be referred to in litigation by monikers agreed to by the parties.

DATED: December 21, 2023

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE